ROHNER GEHRIG & CO. ET AL. *v.* UNITED STATES

UNITED STATES *v.* ROHNER GEHRIG & CO. ET AL.

**No. 4496.**—Invoices dated Yokohama, Japan, May 31, 1935, etc.
　　　Entered at New York July 1, 1935, etc.
　　　Entry No. 700130, etc.

(Decided January 19, 1939)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* and *Hadley S. King* of counsel) for the importers.
*Webster J. Oliver,* Assistant Attorney General (*Samuel D. Spector,* special attorney), for the United States.

KINCHELOE, Judge: Of the twenty-five appeals to reappraisement involved herein, which are listed in schedule A, hereto attached and made a part hereof, seventeen were filed by the importers. The remaining eight are cases where both the collector and the importers appealed from the values found by the appraiser.

At the trial, all of the cases were consolidated by consent of both parties, it having been agreed that the issue presented is the same in all of them.

The merchandise covered by these appeals consists of certain jewelry boxes, and it is conceded by the parties that the proper basis for assessing duty is export value, and that the *per se* invoice values represent such export value.

In their brief filed herein, counsel for the importers concede charges for tin linings in some of these cases as a proper addition to the entered values in finding the proper dutiable value of the merchandise. It is also admitted by the counsel for the importers that the cost of individual cartons in the amount of 36.23 yen is a proper addition to the invoice value of the merchandise covered by reappraisement 115816–A in ascertaining the proper dutiable value.

With those concessions, the issue before me is limited to the question whether the cost of cases and packing is included in the invoice prices, as alleged by the importers. In his appraisement in each case the appraiser added the cost of cases and packing to the invoice and entered values.

The importer introduced in evidence the affidavit of J. D. Miller, the accountant of the firm of S. Isaacs & Co., of Yokohama, Japan, that purchased this merchandise for the importers. Attached to the said affidavit is a schedule A that lists, among other things, the entry number and the invoice number covering the merchandise involved herein, and also the names of the different manufacturers of this merchandise. The witness testified that except for the customs entry

number, which was furnished by counsel for the importers, all of the information set forth in said schedule A was obtained from the books of his company.

The witness further testified that the items of merchandise covered by the entries and invoices enumerated in said schedule A were purchased at the prices set forth in the invoices; and that the basis on which charges for cases and packing were made is as indicated in the "Explanation to Schedule A," attached to the affidavit.

An examination of the said "Explanation to Schedule A" discloses that in every instance, except as to the merchandise covered by reappraisements 114733–A and 114734–A, the cost of cases and packing was included in the invoice price and paid by the manufacturer. As to the merchandise covered by the two exceptions, reappraisements 114733–A and 114734–A, it appears that the cost for cases or boxes was charged separately to the importers.

The attorney for the Government offered in evidence a special agent's report dated August 21, 1935, executed by Treasury Attaché Martin G. Scott, which was admitted and marked "Exhibit 2." This report refers specifically to only three consular invoices which are the subject of three of the collector's appeals that are before me. They are reappraisements 114728–A, 114730–A, and 114731–A.

The evidence contained in the said report corroborates the testimony of the said witness of the importers to the effect that the invoice prices represent the prices paid by the importers and said evidence was procured from the same source that said Miller procured it, to wit, from the records of said S. Isaacs & Co., of Yokohama, Japan. Concerning the cost for cases and packing, the said Treasury attaché appears to have confused charges for individual cartons with charges for cases and packing. I reach this conclusion because on each of the invoices to which the report refers there was added by the importers on entry charges for individual cartons. Said Treasury attaché also reports that the invoices state that the price includes cases and packing, the cost of which is shown on the invoices, which also agrees with the evidence submitted on behalf of the importers and was also obtained from the same source from which it was obtained by said Miller.

As to all of the other appeals involved herein the Government offered no evidence whatsoever.

Bearing in mind that section 501 of the Tariff Act of 1930 provides, in substance, that the value found by the appraiser shall be presumed to be the value of the merchandise and that the burden shall rest upon the party who challenges its correctness to prove otherwise is just as binding in a reappraisement case on a collector's appeal as it is on an importer's appeal, and having carefully considered the affidavit, Exhibit 1, introduced on behalf of the importers, and the special

agent's report, Exhibit 2, submitted by the Government, I am of the opinion and so hold that there is ample probative evidence before me to establish the importers' contention that the invoice values of the merchandise include the cost of cases and packing, in all of these appeals to reappraisement except reappraisements 114733–A and 114734–A. As to reappraisements 114733–A and 114734–A I find that the evidence before me establishes that the cost of cases and packing should be added to the invoice values of the merchandise to make proper dutiable value, and so hold.

On the entire record before me in these cases, I make the following finding of facts:

(1) That the merchandise covered by these appeals to reappraisement consists of jewelry boxes.

(2) At the time of the exportation of the instant merchandise there was no foreign value for same, but, if so, said value was not as high as the export value of same.

(3) That export value, as defined in section 402 (d) of the Tariff Act of 1930, is the correct basis for the determination of the dutiable value of the instant merchandise.

(4) That the correct dutiable values of the following reappraisements are the entered values including cases and packing, plus extra charges for tin linings, as follows:

| Reappraisement No. | Entry No. | Cost of tin linings | Reappraisement No. | Entry No. | Cost of tin linings |
|---|---|---|---|---|---|
| | | *Yen* | | | *Yen* |
| 115547–A | 806791 | 17. 56 | 114737–A | 710160 | 1. 02 |
| 114729–A | 811204 | 5. 50 | 114735–A | WHB 4276 | 3. 10 |
| 114730–A | 822069 | 15. 98 | 116572–A | 851890 | 3. 25 |
| 114732–A | 838012 | 3. 00 | | | |

(5) That the correct dutiable value of the merchandise covered by reappraisement 115816–A is the invoice value, cases and packing included, plus charges for individual cartons.

(6) That the correct dutiable values of the merchandise covered by reappraisements 114733–A and 114734–A are the entered values, plus cases and packing.

(7) That the correct dutiable values of the merchandise covered by reappraisements 114727–A, 114728–A, 114731–A, 114736–A, 114738–A 114739–A, 114740–A, 114741–A, 114742–A, 114743–A, 114744–A, 114745–A, 114746–A, 115549–A, and 115817–A, are the entered values, cases and packing included.

I hold as a matter of law that the correct dutiable value of the instant merchandise is the export value as set forth in findings of fact numbers 4, 5, 6, and 7. Judgment will be rendered accordingly.